UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY TURCZYN,

    Plaintiff,

vs.                                                                           Case No. 14-CV-14577
                                                                                  Hon. Laurie J. Michelson

ALLIANCE CATHOLIC CREDIT UNION,

    Defendant.
_____/

| DEBORAH GORDON LAW | THE DANIELSON GROUP, P.C. |
|---|---|
| Gordon, Laughbaum & Prescott | Kenneth M. Gonko (P30660) |
| Deborah L. Gordon (P27058) | Attorneys for Defendant |
| Sarah S. Prescott (P70510) | 55921 Gratiot Avenue |
| Attorneys for Plaintiff | Chesterfield, MI 48051 |
| 33 Bloomfield Hills Parkway, Suite 220 | (586) 749-6400 |
| Bloomfield Hills, MI 48304 | kgonko@dgrouppc.com |
| (248) 258-2500 | |
| dgordon@deborahgordonlaw.com | |
| sprescott@deborahgordonlaw.com | |

_____/

**DEFENDANT'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES
AND LIMITED RELIANCE UPON AND OBJECTION TO JURY DEMAND**

      NOW COMES Defendant, ALLIANCE CATHOLIC CREDIT UNION, by and through its attorneys, KENNETH M. GONKO and THE DANIELSON GROUP, P.C., and for its ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES and LIMITED RELIANCE UPON AND OBJECTION TO JURY DEMAND in the above-captioned matter, states as follows:

      1.     Defendant acknowledges that this action is an action for disability discrimination arising out of Plaintiff's employment relationship with the Defendant but denies that it discriminated against Plaintiff in any way.

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint based upon information and belief.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint (Defendant assumes that Plaintiff is referring to dates in 2014 and not 2013 as stated).

*Background Facts*

7. Defendant admits, in part, the allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint. Defendant denies that Plaintiff was employed for twenty-four years in the area of human resources management inasmuch as Plaintiff was originally hired as a part-time teller with the Oakland Catholic Credit Union and held various positions with the Oakland Catholic Credit Union and the Michigan Catholic Credit Union during the ensuing years. Defendant admits that upon the merger of the Michigan Catholic Credit Union and the First Catholic Credit Union, Plaintiff was employed as the Vice President of Human Resources for the Defendant.

8. Defendants admits that at the time of Plaintiff's termination, she was employed as the Defendant's Vice President for Human Resources. Defendant neither admits nor denies that,

at all times throughout Plaintiff's employment, she was a "highly-rated employee who was entrusted with significant and increasing responsibility" inasmuch as it involves Plaintiff's employment with organizations other than the Defendant.  Therefore, Defendant lacks sufficient information at this time upon which to base a response concerning her previous employment with these two financial institutions and, accordingly, leaves Plaintiff to her proofs.  As to Plaintiff's employment with the Defendant, her allegations contained in this Paragraph are denied for the reason that they are untrue.

9. Defendant neither admits nor denies the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint inasmuch as they involve assertions pertaining to Plaintiff's employment with organizations other than the Defendant. Therefore, Defendant lacks sufficient information at this time upon which to base a response concerning her previous employment with these two financial institutions and, accordingly, leaves Plaintiff to her proofs.  As to Plaintiff's employment with the Defendant, her allegations contained in this Paragraph are denied for the reason that they are untrue.

10. Defendant admits the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint upon information and belief.

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint for the reason that they are untrue.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint for the reason that they are untrue.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint for the reason that they are untrue..

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint for the reason that they are untrue.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint for the reason that they are untrue.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint for the reason that they are untrue.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint for the reason that they are untrue.

18. Defendant neither admits nor denies the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint inasmuch as they involve assertions pertaining to Plaintiff's employment with organizations other than the Defendant. Therefore, Defendant lacks sufficient information at this time upon which to base a response concerning her previous employment with these two financial institutions and, accordingly, leaves Plaintiff to her proofs. As to Plaintiff's employment with the Defendant, her allegations contained in this Paragraph are denied for the reason that they are untrue.

19. Defendant neither admits nor denies the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint inasmuch as they involve assertions pertaining to Plaintiff's employment with organizations other than the Defendant. Therefore, Defendant lacks sufficient information at this time upon which to base a response and, therefore, leaves Plaintiff to her proofs.

20. Defendant acknowledges that "Stage IV" is sometimes described as "advanced" and "metastatic" cancer. Defendant neither admits nor denies the remaining allegations

contained in Paragraph 20 of Plaintiff's First Amended Complaint as they apply to Plaintiff in this action lacking sufficient information at this time upon which to base a response and, therefore, leaves Plaintiff to her proofs.

21. Defendant neither admits nor denies the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint as they apply to Plaintiff in this action lacking sufficient information at this time upon which to base a response and, therefore, leaves Plaintiff to her proofs.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint for the reason that they are untrue.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint for the reason that they are untrue.

24. Defendant admits that Plaintiff's employment was terminated on April 19, 2013 and that she was provided medical insurance for the remainder of the month consistent with Defendant's medical insurance protocols for all other employees.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint for the reason that they are untrue.

## COUNT I
### *Violations of Americans with Disabilities Act*

26. Defendant incorporates the responses set forth in Paragraph 1 through 25 as though fully set forth herein.

27. The allegations in Paragraph 27 of Plaintiff's First Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations as untrue.

28. Defendant admits the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint.

29. The allegations in Paragraph 29 of Plaintiff's First Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations as untrue.

30. The allegations in Paragraph 30 of Plaintiff's First Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations for the reason that they are untrue.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint for the reason that they are untrue.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint for the reason that they are untrue.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint for the reason that they are untrue.

## COUNT II
*Violations of the Persons with Disabilities Civil Rights Act*

34. Defendant incorporates the responses set forth in Paragraph 1 through 33 as though fully set forth herein.

35. The allegations in Paragraph 35 of Plaintiff's First Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations as untrue

36. Defendant admits the allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint.

37. The allegations in Paragraph 37 of Plaintiff's First Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant neither admits nor denies the allegations lacking sufficient information at this time upon which to base a response and, therefore, leaves Plaintiff to her proofs.

38. The allegations in Paragraph 38 of Plaintiff's First Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant neither admits nor denies the allegations lacking sufficient information at this time upon which to base a response and, therefore, leaves Plaintiff to her proofs.

39. Defendant denies the allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint for the reason that they are untrue.

40. Defendant denies the allegations contained in Paragraph 40 of Plaintiff's First Amended Complaint for the reason that they are untrue.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint for the reason that they are untrue.

## COUNT III
### *Retaliatory Discharge in Violation of the Persons with Disabilities Civil Rights Act*

42. Defendant incorporates the responses set forth in Paragraph 1 through 41 as though fully set forth herein.

43. Defendant admits the allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint for the reason that they are untrue.

45. Defendant denies the allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint for the reason that they are untrue.

46. Defendant denies the allegations contained in Paragraph 46 of Plaintiff's First Amended Complaint for the reason that they are untrue.

47. Defendant denies the allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint for the reason that they are untrue.

48. Defendant denies the allegations contained in Paragraph 48 of Plaintiff's First Amended Complaint for the reason that they are untrue.

WHEREFORE, the Defendant urges the Court to dismiss this action in each and every respect and award it actual costs, including actual attorneys fees, incurred to defend it.

Respectfully submitted,

THE DANIELSON GROUP. P.C.

        By: s/Kenneth M. Gonko
           Kenneth M. Gonko (P30660)
        Attorneys for Defendant
        55921 Gratiot Avenue
        Chesterfield, MI 48051
        (586) 749-6400
        kgonko@dgrouppc.com

Dated: January 12, 2015

**AFFIRMATIVE DEFENSES**

Defendant hereby gives notice that it may rely on one or more of the following affirmative defenses:

1. Plaintiff's First Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted as a matter of fact and/or law.

2. Plaintiff's Complaint is without basis in fact or in law and is brought maliciously and in bad faith contrary to the Federal Rules of Civil Procedure.

3. Plaintiff's claims for damages against the Defendant are known to be unwarranted and unsupportable and demonstrates her bad faith and inappropriate tactics in filing suit.

4. Plaintiff is not entitled to some or all of the relief requested under the theories pled.

5. Plaintiff's claims, in whole or in part, are barred by the appropriate statute of limitations and/or jurisdictional prerequisites.

6. Plaintiff's claims for equitable relief, if any, are barred by the doctrines estoppel, laches and/or unclean hands.

7. Plaintiff has failed to mitigate her damages, if any, entitlement to which is expressly denied.  Alternatively, any claim for relief must be set off and/or reduced by wages, compensation, pay and benefits or other earnings or remunerations or benefits received by Plaintiff.

8. Defendant objects to the misjoinder or non-joinder of any claims and/or parties under Rule 19.

9. Plaintiff was an at-will employee whose employment was subject to termination without or without cause and with or without notice.

10. Defendant acted at all times within the bounds of good faith, legitimate, non-discriminatory business reasons, none of which were pretextual.

11. Defendant acted at all times within the bounds of good faith, legitimate, non-retaliatory business reasons, none of which were pretextual.

12. Plaintiff is not "disabled" as the term is defined in the Michigan Persons with Disabilities Civil Rights Act.

13. Plaintiff is not a "qualified individual with a disability" as that phrase is defined within the Americans with Disabilities Act, as amended.

14. Plaintiff's claims for physical, mental or emotional damages and lost wages, in whole or in part, are barred by the exclusive remedy provisions of the Michigan Workers' Disability Compensation Act.

15. Upon information and belief, Plaintiff's claims, damages or losses, if any, are barred in whole or in part, by the after-acquired evidence doctrine.

16. Plaintiff's claims are barred, in whole or in part, because she failed to comply with legally mandated processes or procedures (including binding arbitration) and/or failed to exhaust internal company remedies under the applicable Employee Handbook.

17. Plaintiff cannot establish a prima facie case of discrimination based upon disability as to any of her claims.

18. Plaintiff cannot establish a prima facie case of retaliation as to any of her claims.

19.     Defendant reserves the right to assert additional Affirmative Defenses or counterclaims or both as they become known during the course of this litigation.

          Respectfully submitted,

          THE DANIELSON GROUP. P.C.

          By: s/Kenneth M. Gonko
             Kenneth M. Gonko (P30660)
          Attorneys for Defendant
          55921 Gratiot Avenue
          Chesterfield, MI 48051
          (586) 749-6400
          kgonko@dgrouppc.com

Dated: January 12, 2015

**LIMITED RELIANCE UPON AND OBJECTION TO JURY DEMAND**

Defendant Alliance Catholic Credit Union, through its attorneys, hereby states its limited reliance upon the jury demand previously made herein and further demands trial by jury as to all legal claims and defenses at issue in this litigation with the exception of any and all claims that sound in equity or which in the underlying matter intrinsically involve issues of law for the trial judge to decide and which therefore are properly triable only by the judge assigned to this case.

Respectfully submitted,

THE DANIELSON GROUP. P.C.


By: s/Kenneth M. Gonko
    Kenneth M. Gonko (P30660)
Attorneys for Defendant
55921 Gratiot Avenue
Chesterfield, MI 48051
(586) 749-6400
kgonko@dgrouppc.com

Dated: January 12, 2015

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 12, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to Sarah S. Prescott, Attorney at Law, Deborah Gordon Law, 33 Bloomfield Hills Parkway, Suite 220, Bloomfield Hills, MI 48304.

  I declare that the above statements are true to the best of my information, knowledge and belief.

            Respectfully submitted,

            THE DANIELSON GROUP. P.C.


            By: s/Kenneth M. Gonko
             Kenneth M. Gonko (P30660)
            Attorneys for Defendant
            55921 Gratiot Avenue
            Chesterfield, MI 48051
            (586) 749-6400
            kgonko@dgrouppc.com

Dated: January 12, 2015